## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM J. WEBB JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. N20C-02-230 MAA |
| | ) | |
| v. | ) | |
| | ) | |
| GDWG LAW FIRM and DADE | ) | |
| WERB, | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1.      Plaintiff William J. Webb, Jr. is a pretrial detainee and defendant in a criminal matter.

2.      Defendant Dade Werb, a partner at Defendant GDWG (Giordano, DelCollo, Werb, & Gagne) Law Firm, was appointed as Plaintiff's conflict counsel pursuant to 29 *Del. C.* § 4605.

3.      Plaintiff, appearing *pro se*, filed this action against Defendants pursuant to 42 U.S.C. § 1983 and 10 *Del. C.* § 8106.  In his Complaint, Plaintiff alleged that Defendants' inadequate representation deprived him of effective assistance of counsel and a fair trial, in violation of his federal and state constitutional rights.[1]

4.      Defendants removed this matter to the U.S. District Court for the District of Delaware and moved to dismiss Plaintiff's Complaint for failure to state

---

[1]      Dkt. 1 at 2-3.

a claim under Super. Ct. Civ. R. 12(b)(6).[2] The District Court granted the motion to dismiss on the federal law claims and remanded the state law claims to this Court.[3]

5. Before the Court is Defendants' motion to dismiss Plaintiff's remaining state law claims for negligence and breach of contract.

## STANDARD OF REVIEW

6. Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Super. Ct. Civ. R. 12(b)(6). In considering a 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable factual inferences in favor of the non-movant.[4] Dismissal is granted when under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief may be granted.[5]

7. In recognition of the difficulties faced by *pro se* litigants, the Court may, when appropriate, hold a *pro se* complaint to a less stringent standard than that filed by an attorney.[6] But there is no different set of rules for *pro se* plaintiffs.[7] The

---

[2] Dkt. 16.

[3] Dkt. 17.

[4] *Mikkilineni v. PayPal, Inc.*, 2021 WL 2763903, at *4 (Del. Super. July 1, 2021).

[5] *Id.*

[6] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 5, 2011).

[7] *Id.*

Court's accommodations cannot impair the substantive rights of parties nor the efficient administration of justice to "save claims that plainly have no merit."[8]

## DISCUSSION

8.      The State Tort Claims Act (STCA) grants qualified immunity to certain state officials and employees, such as public defenders and conflict counsel appointed in lieu of a public defender.[9]

9.      Under the STCA, conflict counsel is immune from civil suit when:

    a.      The act of omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer, employee or member, or anyone over whom the public officer, employee or member shall have supervisory authority;

    b.      The act or omission complained of was done in good faith and in the belief that the public interest would be best served thereby; and

    c.      The act or omission complained of was done without gross or wanton negligence.[10]

---

[8]     *Id.*; *Mikkilineni*, 2021 WL 2763903, at *5.
[9]     10 *Del. C.* § 4001; *Browne v. Robb*, 583 A.2d 949, 952 (Del. 1990).
[10]    10 *Del. C.* § 4001.

10. Qualifying state actors have presumptive immunity from civil liability under the STCA.[11] To overcome this presumption, it is the plaintiff's burden to prove the absence of one or more of the immunity elements.[12]

11. On the first element, Defendants served as conflict counsel and were performing in an official capacity by representing Plaintiff in the criminal proceeding against him. Thus, Plaintiff cannot overcome the first element, nor did he attempt to make such a claim in his Complaint.

12. Then, to overcome immunity, Plaintiff must prove bad faith or gross negligence. Superior Court Civil Rule 9(b) requires allegations of negligence to be plead with particularity. Conclusory allegations with no factual support do not suffice.[13] Gross negligence requires a showing of a high level of negligence that constitutes an extreme departure from the ordinary standard of care.[14]

13. Plaintiff claims that Defendants did not diligently and effectively represent Plaintiff because Defendants allowed state officials to present false evidence and perjured testimony to obtain continuances in Family Court, Plaintiff's arrest warrant, and an indictment against Plaintiff.[15] Plaintiff further alleges that

---

[11] 10 *Del. C.* § 4001; *Browne*, 583 A.2d at 952.
[12] *Id.*
[13] *Ward v. Gateway Charter Sch., Inc.*, 2018 WL 3655864, at *4 (Del. Super. July 18, 2018).
[14] *Id.*
[15] Compl. at 3.

4

Defendants failed to perform their duty to protect him from false arrest, false imprisonment, illegally obtained evidence, malicious prosecution, mental abuse of a disabled person, and obstruction of justice.[16] Plaintiff also claims that Defendants neglected their due diligence and duty to prepare defenses by not discussing strategy with Plaintiff and not filing pretrial motions.[17]

14. Plaintiff's laundry list of allegations are all conclusory and devoid of any factual support demonstrating bad faith or gross negligence. For example, Plaintiff did not identify what evidence was false, perjured, or illegally obtained. Plaintiff did not specify how Defendants failed to protect him from a false arrest and imprisonment or obstruction of justice. Plaintiff did not provide any details surrounding the pretrial motions or why such a motion was necessary. Plaintiff did not allege that such acts were done in bad faith nor meet the particularity requirements of Super. Ct. Civ. R 9(b). Rather, Plaintiff's Complaint is merely a recitation of conclusory allegations unaccompanied by any factual specificity.

15. Thus, Plaintiff's Complaint is insufficient to overcome Defendants' statutory grant of qualified immunity.

---

[16] *Id.* at 4.
[17] *Id.* at 4-6.

## CONCLUSION

16.    Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Defendants' motion to dismiss is granted.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

Dated: January 10, 2022